**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**CIVIL ACTION NO. 18-1123**

**MDM GROUP ASSOCIATES, INC.**
    **Plaintiff,**

**v.**

**JLT SPECIALTY LIMITED d/b/a
LLOYD & PARTNERS LIMITED,
a United Kingdom limited company;
AMTRUST SYNDICATES LIMITED
d/b/a AMTRUST AT LLOYD'S,
a United Kingdom limited company;
JOHN SMITH, an individual resident
of the United Kingdom; and PETER
YOUNG, an individual
resident of the United Kingdom**
    **Defendants**.

---

**DEFENDANT, LLOYD & PARTNERS LIMITED, INCORRECTLY NAMED AS JLT
SPECIALTY LIMITED D/B/A LLOYD & PARTNERS LIMITED'S
NOTICE OF REMOVAL**

---

Defendant, Lloyd & Partners Limited, incorrectly named as JLT Specialty Limited d/b/a Lloyd & Partners Limited, a United Kingdom Limited Company, (hereafter "LPL") files this notice of removal under 28 U.S.C. §1441 and 1446(a).[1]

**I.
Introduction and Procedural History**

1.    Plaintiff is MDM Group Associates, Inc. ("MDM"). Defendants are LPL, AmTrust Syndicates Limited, d/b/a AmTrust at Lloyd's, f/k/a ANV Syndicates Limited, a United Kingdom Limited Company ("ANV"), John Smith, an individual resident of the United Kingdom ("Smith"), and Peter Young, an individual resident of the United Kingdom ("Young").

---

[1]    Plaintiff has been given notice of the filing of Defendant's Notice of Removal, *See* Exhibit A.

2. On April 16, 2018, Plaintiff filed a Complaint and Jury Demand in the District Court of Routt County, Colorado (Case No. 2018CV30029).[2] Plaintiff's Complaint alleges the following:

   a. In 2012, MDM, a company that provides insurance and other specialty products, developed an underwriting market and a specific proprietary "Description of Coverage" for marketing and selling a specialty insurance program called Trip Cancellation Program (TCP").[3]

   b. TCP was underwritten by ANV, a London-market insurance company, and backed by an insurance policy, the London Market Reform Contract.[4]

   c. In August 2012, MDM and ANV entered into a Trip Cancellation Program Marketing Agreement, whereby MDM was appointed as the sole marketing and sales representative for TCP, and ANV offered not to create or offer a competing trip cancellation product during an exclusivity period.[5]

   d. London insurance market protocols require foreign based insurance providers to utilize London-based brokers in placing business through London-based underwriters. LPL served as MDM's London-market agent.[6]

   e. Smith and Young are London-based insurance brokers who were employed by LPL until November 2014.[7]

   f. On August 24, 2012, MDM entered into a licensing agreement with PAC7, LLC, whereby MDM appointed PAC7 as its sole representative for marketing and selling the

---

[2] *See* a copy of the Complaint and Jury Demand, marked as Exhibit B.
[3] *See* Exhibit B at ¶ 8.
[4] *See* Exhibit B at ¶ 10.
[5] *See* Exhibit B at ¶ 11.
[6] *See* Exhibit B at ¶ 14.
[7] *See* Exhibit B at ¶ 16.

TCP in North America and the Caribbean.[8]

  g. Essentially, Plaintiff's allegations involve wrongful conduct and alleged interference by LPL and ANV in the PAC7/MDM contractual relationship. Plaintiff alleges it was effectively bypassed as the US-based surplus lines insurance broker.[9]

3. On April 30, 2018, Plaintiff served LPL with the Complaint and Jury Demand. LPL was the first Defendant served with the Complaint and Jury Demand.

4. LPL files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

## II.
## Venue

5. Under 28 U.S.C. §1441(a) and 1446(a), venue is proper in the United States District Court for the District of Colorado because the Routt County District Court where the suit is pending is located in this district.

## III.
## Bases for Removal

6. Removal is proper on the following grounds:

  A. Complete Diversity Between the Parties

There is complete diversity between the parties. 28 U.S.C. §1332(a)(1). Plaintiff's Complaint states that Plaintiff is a Delaware corporation, duly registered to do business in Colorado, with its principal offices in Steamboat Springs, Colorado.[10] LPL is now, and was at the time the state court action was commenced, a citizen of the United Kingdom and its principal place of business was and is in the United Kingdom. ANV is now, and was at the time the state court action was commenced, a citizen of the United Kingdom and its principal place of business

---

[8] *See* Exhibit B at ¶ 19.
[9] *See* Exhibit B.
[10] *See* Exhibit B at ¶ 1.

was and is in the United Kingdom. Plaintiff's Complaint states that Smith and Young are citizens of the United Kingdom.[11]

      B.      The Amount in Controversy Exceeds $75,000

The amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a). On January 18, 2018, Counsel for MDM, Joseph Carbon, served a Demand Letter on Defendants alleging damages in excess of the sum of $75,000. Additionally, on April 16, 2018, a Civil Cover Sheet was filed with the Complaint containing a designation that a monetary judgment over $100,000 is being sought. Accordingly, all requirements are met for removal under 28 U.S.C. §1332(a) and §1446(b).

7.      Copies of the pleadings and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).[12]

8.      Defendant will promptly serve a copy of this notice of removal on counsel for Plaintiff and will file a copy with the clerk of the Routt County District Court where the suit has been pending.

## IV.
## Consent

9.      We have conferred with Counsel and all defendants consent to and join in the removal of this case to federal court as indicated herein.

## V.
## Jury Demand

10.      Plaintiff demanded a jury in the state court suit.

---

[11] *See* Exhibit B at ¶ 4 and ¶ 5.
[12] *See* Exhibit B, C, and D.

## VI.
## Prayer

For these reasons, LPL asks the court to remove the suit to the United States District Court for the District of Colorado and enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award LPL all other relief the court deems appropriate.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

*/s/ Gerard J. Kimmitt, II*
**Gerard J. Kimmitt, II**
TBN: 11427500; Fed. Id. No. 08454
jerry.kimmitt@hfw.com
5151 San Felipe, Suite 400
Houston, Texas  77056
Telephone:  (713) 917-0888
Facsimile:  (713) 953-9470
**ATTORNEY-IN-CHARGE FOR LLOYD & PARTNERS LIMITED, INCORRECTLY NAMED AS JLT SPECIALTY LIMITED D/B/A LLOYD & PARTNERS LIMITED**

OF COUNSEL:
**Sheshe Taylor Evans**
TBA No. 24047800; Fed. Id. No. 37745
shehe.evans@hfw.com
**Holman Fenwick Willan USA LLP**

David C. Fawley, # 27037
Allman, Mitzner & Fawley, LLC
 dfawley@allman-mitzner.com
4100 East Mississippi Avenue, Suite 1600
Denver, CO  80246-3048
Telephone: (303) 293-9393

## CERTIFICATE OF SERVICE

A true and correct copy of Defendant's Notice of Removal was filed electronically with the United States District Court for District of Colorado, with notice served via e-file and facsimile on this the 10th day of May, 2018:

Joseph P. Carbon
joe@rlipuma.com
LiPuma Law Associates, LLC
1635 Foxtrail Drive
Colorado, CO 80538
Attorney for Plaintiff

James P. Koelzer
James.Koelzer@clydeco.us
Clyde & Co US LLP
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
Attorney for AmTrust Syndicates Limited, d/b/a AmTrust at Lloyd's,
f/k/a ANV Syndicates Limited

Jean Claude Mazzola
jcmazzola@messner.com
Messner Reeves, LLP
805 Third Avenue, 18th Floor
New York, NY 10022
Attorney for John Smith and Peter Young

*s/ Gerard J. Kimmitt, II*

**Gerard J. Kimmitt, II**